Armen MOURADIAN, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70483.

I & NS No. A70–929–824.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 2000.*

Decided Jan. 10, 2001.

Before RYMER, T.G. NELSON,
WARDLAW, Circuit Judges.

MEMORANDUM **

Armen Mouradian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his applications for asylum and withholding of deportation. We deny the petition for review.

I

Mouradian contends that the BIA proceedings were fundamentally unfair because he did not have a copy of the IJ's decision that included the IJ's handwritten corrections prior to filing his appeal. However, Mouradian has not shown prejudice, for the corrections were trivial. *See Getachew v. INS,* 25 F.3d 841, 845 (9th Cir. 1994) (due process challenge to deportation proceedings requires a showing of prejudice to succeed).

II

Mouradian argues that the record lacks substantial evidence for denial of asylum. Mouradian's testimony was the only evidence submitted in support of his application. Both the IJ and the BIA found Mouradian lacked credibility. We have held that asylum applicants' testimony alone may be sufficient to establish their asylum claim if it is internally consistent. *Shah v. INS,* 220 F.3d 1062, 1072 (9th Cir.2000). We have also held that " 'this court does not require corroborative

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

evidence' from applicants for asylum and withholding of deportation who have testified credibly." *Ladha v. INS*, 215 F.3d 889, 899 (9th Cir.2000) (quoting *Cordon–Garcia v. INS*, 204 F.3d 985, 992 (9th Cir.2000)). Mouradian's testimony, however, was neither consistent nor persuasive. For example, the IJ noted that Mouradian contradicted himself at his hearing, stating first that he was not afraid of returning to Armenia and later saying he feared arrest and political persecution upon his return. The IJ also noted inconsistencies between Mouradian's testimony and his application for asylum regarding an alleged assault against Mouradian in October 1991. Though Mouradian is correct that "minor inconsistencies or misrepresentations of unimportant facts cannot constitute the basis for an adverse credibility finding," *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990), here the BIA's adverse credibility finding went to the heart of his asylum claim. As such, the discrepancy supports the negative credibility finding. *See De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997) (BIA properly relied on discrepancies between asylum applications). Therefore, substantial evidence supports the adverse credibility of the IJ and BIA.

### III

Because Mouradian cannot "satisfy the lesser standard of proof required to establish eligibility for asylum, [he] necessarily fail[s] to demonstrate eligibility for withholding of deportation" as well. *Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996) (en banc).

PETITION DENIED.